# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA, GAINESVILLE DIVISION

VELMA COVINGTON,  CASE NO. 1:10-cv-00252-MP -GRJ

    Plaintiff,

v.

SAILORMEN, INC.
d/b/a POPEYE'S CHICKEN AND BISCUITS,
    Defendant.

_____/

## MOTION TO FILE REPLY BRIEF

Plaintiff, pursuant to Local Rule 7.1, moves for leave to file a short Reply Brief to Defendant's Response in Opposition to Motion to Compel (Doc. 30) and as good cause states:

1.    Defendant's response to Plaintiff's Motion to Compel argues that the undersigned did not confer in good faith. To that end, Defendant cites cases where parties have filed motions to compel prior to the parties conferring and prior to the responding party taking a position on the matter. Here, the Defendant took the time it deemed necessary to consider the Plaintiff's arguments and citations of authority, and then took a firm position on these issues before the Plaintiff filed the Motion to Compel.

2.    Plaintiff requests leave to file a short reply brief detailing the fact that Defendant had taken a firm position <u>prior to</u> the fling of Plaintiff's Motion to Compel in a letter dated April 8, 2011 (See Ex. C to Plaintiff's Motion to Compel). Defendant made it clear in that letter that it was not withdrawing its General Objections and rationalized its defense of this position.[1] In that letter, Defendant also made it clear that it refused to withdraw its objections to RTP #8 – demanding instead that Plaintiff's counsel first pay for a production or inspect the documents (in

---

[1] The April 8, 2011 letter reads, in part, "**Sailormen, however, will not offer a wholesale withdrawal of all of its general objections.** As indicated in the case law you've cited in your email, Sailormen stated specifically for each objection how the individual interrogatory or production request was irrelevant, overly broad, burdensome, oppressive or otherwise objectionable." (e.s.).

1

Tampa). Thus, Plaintiff's counsel would have not known whether all documents were being produced (or whether some of them were being withheld subject to the stated objections) before driving to Tampa for the production.

3. Defendant's brief is also misleading because it states, at page 5, that "Defendant sent a letter to Plaintiff on April 8, 2011 requesting an opportunity to discuss Plaintiff's concerns regarding Defendant's objections." Defendant fails to mention that said invitation only applied to any "specific objections" – <u>not the general objections complained about by the undersigned in the Motion to Compel.</u> *See Footnote 1, supra.* Defendant did not invite conversation as to the issues Plaintiff was complaining about (i.e. numerous baseless general objections); on those issues, Defendant rejected Plaintiff's contentions without further discussion.

4. Plaintiff also requests leave to file the Defendant's privilege log (subsequently produced after the Motion to Compel was filed) at issue. This log, consisting of only 2 entries, would demonstrate to the Court that the delay in producing it was unreasonable.

5. Defendant's brief is also misleading to the extent that it claims and/or implies that it was agreeing to some or all of Plaintiff's Motion to Compel after it was filed.[2] To the undersigned's knowledge, and as reflected in Defendant's arguments against the Motion to Compel, Defendant still does not agree with the issues before the Court.[3] Should the Defendant inform the undersigned that it actually agrees to any part of the Plaintiff's Motion to Compel, Plaintiff will immediately file an updated notice with the Court.

---

[2] When asked to which part of the Motion to Compel Defendant consents, its counsel's email of April 21, 2010 reads that she never "intended to suggest that Defendant 'agrees' to Plaintiff's Motion. If the parties are unable to reach an agreement on these issues, Defendant's response to the Motion will contain its defenses to each section of the Motion."

[3] Although its position in this matter is unclear, Defendant seems to concede that its legal position is probably wrong and that it made a mistake when taking its initial position on the matter. Underlying its argument is the apparent position that Defendant would have caved in and complied with the discovery rules if only Plaintiff had repeatedly conferred with them on the matter, despite Defendant's initial wholesale refusal to do so after Plaintiff's first attempts.

Respectfully submitted,

/s/ Michael Massey
Fla. Bar. No. 153680
Massey & Duffy
855 E. Univ. Ave.
Gainesville, FL 32601

CERTIFICATE OF SERVICE

I CERTIFY a true and correct copy of the foregoing has been filed with the Court's ECF system this 26th day of April, 2011 which has emailed a copy to all counsel of record.

/s/ Michael Massey
Fla. Bar. No. 153680
Massey & Duffy
855 E. Univ. Ave.
Gainesville, FL 32601