IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

VELMA COVINGTON,

    Plaintiff,

v.                                            CASE NO. 1:10-cv-00252-MP -GRJ

SAILORMEN INC,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 20, plaintiff's motion to compel discovery, to which defendant has responded. Doc. 30. Plaintiff filed a motion for leave to file a reply, Doc. 31, to which defendant responded, Doc. 34. The motion to compel and for reasonable expenses is granted for the reasons below.

On January 21, 2011, the plaintiff served her first set of interrogatories and requests to produce. In response, the defendant returned the responses attached to the motion at Doc. 20 as Exhibits A and B. The defendant's interrogatory answers contained fifteen boilerplate, shotgun-style "General Objections", which were each specifically incorporated into every single interrogatory answer. In some of the answers, defendant gives at least a partial response, but the Court is unable to determine whether this represents the full response or only a portion that is not subject to the specific objection in the answer or the General Objections incorporated into the answer.

Defendant's response to the motion to compel is disingenuous at best and misleading at worst. First, defendant argues that plaintiff's good faith efforts to resolve this dispute were

insufficient because

> the only concern Plaintiff raised with Defendant prior to filing was the validity of the "General Objections" section in Defendant's discovery responses and Defendant's objection to request #8 of Plaintiff's First Request to Produce ("RFP #8"). At no time prior to filing the Motion did Plaintiff express a concern with any of Defendant's specific responses (apart from RFP #8) and at no time prior to filing the Motion did Plaintiff cite to the order in the *Mann v. Island Resorts Development, Inc.* case, which Plaintiff claims establishes that partial objections followed by substantive answers to discovery requests are invalid, a contention with which Defendant disagrees.

The boilerplate, shotgun-style "General Objections" were incorporated into every answer and thus made each of the answers problematic.  Thus, the plaintiff made clear that she objected to every answer on this basis.  These boilerplate, shotgun-style objections are not consistent with the Federal Rules of Civil Procedures' goal of securing "the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.  Such objections will not be tolerated by this Court, and may result in severe economic and other sanctions if repeated in this case.  <u>See Malautea v. Suziki Motor Co., Ltd.</u>, 987 F.2d 1536, 1547-48 (11th Cir. 1993)(affirming the sanction of default judgment for repeated refusal of defendants to properly respond to discovery).

Also, the Plaintiff is not required to perform Defendant's legal research, or to instruct Defendant's counsel on the Rules of Civil Procedure.  Common sense should have been enough for Defendant to know that boilerplate, shotgun-style "General Objections," incorporated without discrimination into every answer, were not consistent with Fed. R. Civ. P. 33(b)(4)'s directive that "[t]he grounds for objecting to an interrogatory must be stated with specificity."

Next, Defendant argues that it cannot be faulted for not producing a privilege log, because "at no time prior to filing the Motion did Plaintiff express any concern about the timing of production of Defendant's privilege log." The Plaintiff should not have to ask for the

privilege log at all, it is required by Fed. R. Civ. P. 26(b)(5), which states

**(5) Claiming Privilege or Protecting Trial- Preparation Materials.**

(A) Information Withheld. When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

(i) expressly make the claim; and

(ii) describe the nature of the documents, communications, or tangible things not produced or disclosed — and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Under this Rule, the party withholding information under claim of privilege <u>must</u> produce a privilege log "When [the] party withholds information." That is, the duty to produce the privilege log is immediate and absolute, and does not depend at all upon Plaintiff asking for it.

Finally, with regard to interrogatories 1, 2.d., 3, 5, 6, and 8 the Court finds that they are not vague or overbroad, do not ask for information that is unlimited in time or is beyond the relevant times of this case, or are irrelevant. Also, interrogatory 6 (asking for all disciplinary actions taken against plaintiff) is not duplicative of interrogatory 4 (asking for the precise reasons plaintiff was fired). Interrogatory 7 shall be construed by defendant to restrict the set of complaints to those known to Sailormen's management. Finally, with regard to interrogatory 8, none of the information requested represents the confidential information of individuals who are not parties. Also, all of the information requested in interrogatory 8 is relevant to this case.

Pursuant to Fed. R. Civ. P. 37(a)(5), the Court has given the defendant an opportunity to be heard and finds (1) that plaintiff attempted in good faith to obtain the disclosure or discovery

without court action; and (2) that the award of expenses would not be unjust in this case.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The Motion to File Reply Brief, Doc. 31, is granted, and the Court considers the motion itself to be the Reply Brief.

The Motion to Compel, Doc. 20, is granted.  The answers to the interrogatories are stricken.  Defendant shall respond fully to all of the interrogatories.

The defendant shall pay the plaintiff's reasonable expenses incurred in making the motion, including attorney's fees.  These expenses include the expenses relating to Docs. 31-33.

**DONE AND ORDERED** this _6th_ day of May, 2011

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge